FILED
2019 Nov-21 AM 10:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 2

ELECTRONICALLY FILED
11/13/2019 4:25 PM
68-CV-2019-900958.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

| **State of Alabama**<br>**Unified Judicial System**<br>**Form ARCiv-93   Rev. 9/18** | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number: 68<br>Date of Filing: 11/13/2019    Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JAMES ANDREW SCOTT v. REMINGTON ARMS COMPANY LLC**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** LYO007    11/13/2019 4:25:24 PM    /s/ CHAMP LYONS, III III
Date    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO


ELECTRONICALLY FILED
11/13/2019 4:25 PM
68-CV-2019-900958.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

| | |
|---|---|
| **JAMES ANDREW SCOTT, II,** | ) |
| As Father of ALYSSA BROOKE SCOTT, | ) |
| a deceased minor, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **REMINGTON ARMS COMPANY, LLC,** | ) |
| **a foreign limited liability company;** | ) |

**No. 1**, those individuals(s) or entity(ies) who negligently, wantonly, or intentionally caused or contributed to the death of decedent; **No.2,** those individual(s) or entity(ies) who provided liability insurance coverage to any named or fictitious defendant in this action; **No. 3,** those individual(s) or entity(ies) who designed, manufactured, sold, marketed, or distributed the product and/or any component part involved in the occurrence made the basis of this lawsuit; **No. 4,** those individual(s) or entity(ies) who or which manufactured, assembled, or installed the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; **No. 5,** those individual(s) or entity(ies) who or which had any role in the distributive chain regarding the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 6,** those individual(s) or entity(ies) who or which, prior to the occurrence made the basis of this lawsuit, made any alteration or repair of the product and/or its component parts involved in said occurrence; **No. 7,** those individual(s) or entity(ies) who failed to warn or issued inadequate warnings or instructions regarding the use or operation of the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 8,** those entity(ies) which provided product liability and/or general liability insurance coverage for the manufacturer and/or distributor of the product and its component parts involved in the occurrence made the basis of this lawsuit at the time of said occurrence or at any time prior thereto; **No. 9,** those entity(ies) which were responsible for advertising the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 10,** those entity(ies) which did any consulting work, i.e., advertising, engineering, etc., referable to such design, manufacture and/or assembly of the product and its component parts involved in the occurrence made the basis of this lawsuit or any component part thereof; **No. 11,** those entity(ies) which tested, inspected, approved or issued any approval of the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof; **No. 12,** those entity(ies) which conducted safety inspections or analyses of or with reference to the product and its component parts involved in the occurrence made the basis of this lawsuit, or any component part thereof, and/or the design or manufacturing process of each such product, including but not limited to the products liability insurance carrier for the manufacturer or distributor of any of the aforesaid products; **No. 13,** those individual(s) or entity(ies) which was responsible for the defective condition of the product and its component parts involved in the occurrence made the basis of this lawsuit on the date of said occurrence or any component part thereof; **No. 14,** those entity(ies) who allowed or placed the product and its component parts

involved in the occurrence made the basis of this lawsuit into the stream of commerce in a defective and hence unreasonably dangerous condition; **No. 15,** those entity(ies) whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit; **No. 16,** those individual(s) or entity(ies) whose negligence wantonness or other wrongful conduct contributed to case the occurrence made the basis of this lawsuit; **No. 17,** those individual(s) or entity(ies) which provided any insurance coverage, of whatever kind or character, to any of the named or fictitious defendants herein; **No. 18,** whether singular or plural, that entity, other than those entities described above, which is the successor in interest of any of those entities described herein; **No. 19,** whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities described here; Plaintiff avers that the true identities of the foregoing fictitious parties defendant are otherwise unknown to the plaintiff at this time, or, if their names are known to the plaintiff, their identities as proper parties defendant are not known at this time, and their true names will be substituted ascertained.

**Defendants.** )
)

## COMPLAINT

**COMES NOW** the Plaintiff, **James Andrew Scott, II, as father of Alyssa Brooke Scott, a deceased minor,** and files this Complaint against **Remington Arms Company, LLC**. In support of said Complaint, Plaintiff states the following:

### PARTIES

1. Plaintiff, James Andrew Scott, II, as father of Alyssa Brooke Scott, a deceased minor, brings this wrongful death action pursuant to Ala. Code § 6-5-391. At the time of death, Alyssa Brooke Scott was fifteen years old and resided with her father at 1833 Maple Crest Lane, Adger, AL 35006.

2. Defendant Remington Arms Company, LLC, formerly known as Remington Arms Company, Inc., (hereinafter "Remington"), is a limited liability company created and existing pursuant to the laws of Delaware. Remington's headquarters and principal place of business is located in Madison, North Carolina. At all times relevant hereto, Remington conducted business within the state of Alabama within Jefferson County, Alabama.

**FACTS COMMON TO ALL COUNTS**

3. Remington is the nation's oldest firearms manufacturer. Remington designed and manufactured the Model 770 rifle that can be purchased in a .270 caliber rifle. The trigger mechanism in a Model 770 rifle is defective in that it can fire with minimal amounts of trigger pressure applied and can even fire when bumped or jarred without any contact to the trigger. The Model 770 has proven to discharge without any trigger pressure. The trigger mechanism on the Model 770 rifle can fire with trigger pressure as low as 32 ounces and has a very inconsistent and unpredictable range, with some pulls requiring as much as 60 ounces of pressure. At 32 ounces of pressure, slight contact of the rifle with an object can cause the sear to fall and, therefore, the gun to discharge or fire. Therefore, the Remington Model 770 bolt action rifle, regardless of caliber, is susceptible to fire without a trigger pull. This is especially true in colder temperatures and Remington was aware of the effect of colder temperatures on the materials used in the design of the subject trigger mechanism.

4. On November 13, 2017, Alyssa Brooke Scott and a hunting partner were in the woods hunting from a two-person ladder stand located on property leased by Lucky Buck Hunting Club off of Valley Ford Road near Adger, Alabama. Alyssa was hunting with a .270 Caliber Model 770 bolt action rifle designed and manufactured by Remington. The serial number of the subject rifle is M71756811. The subject rifle was manufacture by the Defendant in 2011. The temperature at the time of the subject incident was approximately 45 degrees.

5. When it started to get dark outside, Alyssa and her hunting partner decided to end the hunt. Alyssa then pulled the bolt back on the rifle and extracted the round from the chamber. Alyssa then handed her rifle to her partner and exited the tree stand safely to the ground.

6. Her hunting partner then took the magazine out of the rifle, put the round that Alyssa had extracted from the chamber back into the magazine, and then placed the magazine into a pouch in her back pack that was hanging on the stand. Her hunting partner then pulled the bolt back on the rifle and looked in the chamber and did not see a round inside. She then pushed the bolt forward and down, locking it into position.

7. Alyssa's partner then put the end of a nylon cord with a latch on it through the trigger guard of the rifle, wrapped it around either the stock of the rifle or the trigger guard and then attached the latch to the cord. She made sure that the cord was behind the trigger and the latch was behind the trigger guard. She then began to lower the rifle to the ground where Alyssa was waiting.

8. After making it about halfway down the ladder (12 feet and 4 inches above ground level), the gun discharged and the round struck Alyssa and killed her. Upon information and belief, the gun made contact with the ladder on the way down to the ground and this slight contact is what caused the trigger to fire, without application of any pressure on the trigger itself.

9. Plaintiff avers that Remington's wrongful conduct proximately caused the death of Alyssa Brooke Scott. As such, the Defendant is liable for the wrongful death of Alyssa Brooke Scott.

## COUNT I

### NEGLIGENCE/WANTONNESS

10. Plaintiff adopts and re-alleges all previous paragraphs as if set out fully herein. Should said count contradict any previous or subsequent count, it is pleaded in the alternative.

11. At all times relevant hereto, Remington owed a duty to exercise reasonable care in the design, manufacture, testing, assembly, engineering, inspection, marketing, advertising,

distribution and sale of the subject Model 770 bolt action rifle, including the trigger mechanism and its respective component parts.

13. At all times relevant hereto, Remington also owed a duty to exercise reasonable care in properly and timely warning and instructing consumers about safety information pertaining to the subject Model 770 bolt action rifle, including the trigger mechanism and its respective component parts.

13. Remington negligently and/or wantonly designed, manufactured, tested, warned/instructed, marketed, distributed, and/or advertised the subject Model 770, including the trigger mechanism and its respective component parts.

14. Remington's aforementioned negligent and/or wanton conduct caused the death of Alyssa Brooke Scott.

WHEREFORE, Plaintiff demands judgment against Defendant, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, in an amount adequate to (1) promote the preservation of human life, (2) to punish the defendant for their wrongful conduct, and (3) to deter and discourage the defendant and others from engaging in the same similar conduct in the future. Plaintiff further demands all interests and costs allowable by law.

## COUNT II

### Alabama Extended Manufacturer's Liability Doctrine

15. Plaintiff adopts and re-alleges all previous paragraphs as if set out fully herein. Should said count contradict any previous or subsequent count, it is pleaded in the alternative.

16. This Count is brought pursuant to the Alabama Extended Manufacturers Liability Doctrine.

17. At all times relevant hereto, Remington was engaged in the business of designing, manufacturing, selling, marketing, and/or distributing the subject Model 770 bolt action, including the trigger mechanism and its respective component parts.

18. Remington defectively designed, manufactured, sold, marketed, warned, instructed, and/or distributed the subject Model 770 bold action rifle, the trigger mechanism and its respective component parts. This rendered the subject Model 770 bolt action rifle defective and unsafe.

19. The Model 770 bolt action rifle, including its trigger mechanism and its respective component parts, was unreasonably dangerous due to the design/manufacturing defect and the product failed to perform safely as an ordinary consumer would expect when used in a reasonably foreseeable manner.

20. There were numerous safer and feasible alternative designs that Remington both knew about and could have utilized at the time the subject Model 770 bolt action rifle was designed, manufactured, sold, marketed, and/or distributed that would have prevented the death of Alyssa Brooke Scott.

21. Furthermore, Remington failed to provide consumers with adequate warnings, information, and/or instructions about the danger to persons presented by its products, including the subject Model 770, the trigger mechanism, and its respective component parts.

22. The defective condition of the subject Model 770 bolt action rifle, including its trigger mechanism and its respective component parts, caused the death of Alyssa Brooke Scott.

WHEREFORE, Plaintiff demands judgment against the Defendant, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, in an amount adequate to (1) promote the preservation of human life, (2) to punish the

defendant for their wrongful conduct, and (3) to deter and discourage the defendant and others from engaging in the same similar conduct in the future. Plaintiff further demands all interests and costs allowable by law.

## COUNT III

### Breach of Warranty

23.     Plaintiff adopts and re-alleges all previous paragraphs as if set out fully herein. Should said count contradict any previous or subsequent count, it is pleaded in the alternative.

24.     Remington expressly and/or impliedly warranted that the subject Model 770 bolt action rifle, including the trigger mechanism and its respective component parts, was reasonably fit and suitable for the purpose for which it was intended to be used and for the environment of its intended use.

25.     Remington breached said expressed and/or implied warranties because the subject Model 770 bolt action rifle, including the trigger mechanism and its respective component parts, was not reasonably fit and suitable for the purpose and environment for which it was intended to be used.

26.     The aforesaid breach of warranties by Remington caused the death of Alyssa Brooke Scott.

WHEREFORE, Plaintiff demands judgment against the Defendant, including fictitious party defendants, in a sum in excess of the jurisdictional limits of this court, to be determined by a jury, in an amount adequate to (1) promote the preservation of human life, (2) to punish the defendant for their wrongful conduct, and (3) to deter and discourage the defendant and others from engaging in the same similar conduct in the future. Plaintiff further demands all interests and costs allowable by law.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ *Champ Lyons, III*

---

CHAMP LYONS, III
Attorney for Plaintiff

OF COUNSEL:

**CHAMP LYONS III, P.C.**
P.O. Box 131388
Birmingham, AL  35213-1388
(205) 930-3131
(866) 618-4629 fax
champ@champlyons.com

**Please serve Defendant via Certified U.S. Mail at:**

Remington Arms Company, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104



AlaFile E-Notice

68-CV-2019-900958.00

To: CHAMP LYONS, III III
champ@champlyons.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAMES ANDREW SCOTT V. REMINGTON ARMS COMPANY LLC
68-CV-2019-900958.00

The following complaint was FILED on 11/13/2019 4:25:29 PM

Notice Date:    11/13/2019 4:25:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510



AlaFile E-Notice

68-CV-2019-900958.00

To: REMINGTON ARMS COMPANY LLC
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL, 36104

## NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JAMES ANDREW SCOTT V. REMINGTON ARMS COMPANY LLC
68-CV-2019-900958.00

The following complaint was FILED on 11/13/2019 4:25:29 PM

Notice Date:    11/13/2019 4:25:29 PM

KAREN DUNN BURKS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
1851 2ND AVENUE NORTH
SUITE 130
BESSEMER, AL, 35020

205-497-8510

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>68-CV-2019-900958.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**JAMES ANDREW SCOTT V. REMINGTON ARMS COMPANY LLC**

**NOTICE TO:** REMINGTON ARMS COMPANY LLC, 2 NORTH JACKSON STREET SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
CHAMP LYONS, III III,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: P.O. Box 131388, BIRMINGHAM, AL 35213.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JAMES ANDREW SCOTT pursuant to the Alabama Rules of the Civil Procedure.

| 11/13/2019 | /s/ KAREN DUNN BURKS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.  /s/ CHAMP LYONS, III III
*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____ in _____ County, Alabama on _____ .

*(Name of Person Served)*  *(Name of County)*  *(Date)*

*(Type of Process Server)*  *(Server's Signature)*  *(Address of Server)*

*(Server's Printed Name)*  *(Phone Number of Server)*



County: 68    Case Number: CV-2019-900958.00    Court Action:
Style: **JAMES ANDREW SCOTT V. REMINGTON ARMS COMPANY LLC**

Real Time

## Case

### Case Information

| | | |
|---|---|---|
| County: 68-JEFFERSON - BESSEMER | Case Number: CV-2019-900958.00 | Judge: AHV:ANNETTA H. VERIN |
| Style: JAMES ANDREW SCOTT V. REMINGTON ARMS COMPANY LLC | | |
| Filed: 11/13/2019 | Case Status: ACTIVE | Case Type: WRONGFUL DEATH |
| Trial Type: JURY | Track: | Appellate Case: 0 |
| No of Plaintiffs: 1 | No of Defendants: 1 | |

### Damages

| | | |
|---|---|---|
| Damage Amt: 0.00 | Punitive Damages: 0.00 | General Damages: 0.00 |
| No Damages: | Compensatory Damages: 0.00 | |
| Pay To: | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: 0 | Num of Liens: 0 | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: : | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: 11/13/2019 | Updated By: AJA |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - SCOTT JAMES ANDREW

#### Party Information

| | | |
|---|---|---|
| Party: C001-Plaintiff | Name: SCOTT JAMES ANDREW | Type: I-INDIVIDUAL |
| Index: D REMINGTON AR | Alt Name: | Hardship: No    JID: AHV |
| Address 1: PO BOX 131388 | | Phone: (205) 930-3131 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35213-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | LYO007 | | LYONS CHAMP III | CHAMP@CHAMPLYONS.COM | (205) 930-3131 |

### *Party 2 - Defendant BUSINESS - REMINGTON ARMS COMPANY LLC*

#### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **REMINGTON ARMS COMPANY LLC** | | Type: | **B-BUSINESS** |
| Index: | **C SCOTT JAMES** | Alt Name: | | Hardship: **No** | JID: | **AHV** |
| Address 1: | **2 NORTH JACKSON STREET** | | | Phone: **(205) 000-0000** | | |
| Address 2: | **SUITE 605** | | | | | |
| City: | **MONTGOMERY** | State: | **AL** | Zip: | **36104-0000** | Country: **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: |

### Court Action

| | | |
|---|---|---|
| Court Action: | | Court Action Date: |
| Amount of Judgement: $0.00 | Court Action For: | Exemptions: |
| Cost Against Party: $0.00 | Other Cost: $0.00 | Date Satisfied: |
| Comment: | | Arrest Date: |
| Warrant Action Date: | Warrant Action Status: | Status Description: |

### Service Information

| | | | |
|---|---|---|---|
| Issued: **11/13/2019** | Issued Type: **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $7.10 | $7.10 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $18.49 | $18.49 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $309.00 | $309.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $479.59 | $479.59 | $0.00 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/15/2019 | CREDIT | CONV | 2020033 | 2482520 | $18.49 | C001 | 000 | | N | | | BRR |
| 11/15/2019 | RECEIPT | AOCC | 2020033 | 2482510 | $7.10 | C001 | 000 | | N | | | BRR |
| 11/15/2019 | RECEIPT | CV05 | 2020033 | 2482530 | $309.00 | C001 | 000 | | N | | | BRR |
| 11/15/2019 | RECEIPT | JDMD | 2020033 | 2482540 | $100.00 | C001 | 000 | | N | | | BRR |
| 11/15/2019 | RECEIPT | VADM | 2020033 | 2482550 | $45.00 | C001 | 000 | | N | | | BRR |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 11/13/2019 | 4:24 PM | FILE | FILED THIS DATE: 11/13/2019 (AV01) | AJA |
| 11/13/2019 | 4:24 PM | EORD | E-ORDER FLAG SET TO "Y" (AV01) | AJA |
| 11/13/2019 | 4:24 PM | ASSJ | ASSIGNED TO JUDGE: ANNETTA H. VERIN (AV01) | AJA |
| 11/13/2019 | 4:24 PM | SCAN | CASE SCANNED STATUS SET TO: N (AV01) | AJA |
| 11/13/2019 | 4:24 PM | TDMJ | JURY TRIAL REQUESTED (AV01) | AJA |
| 11/13/2019 | 4:24 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | AJA |
| 11/13/2019 | 4:24 PM | ORIG | ORIGIN: INITIAL FILING (AV01) | AJA |
| 11/13/2019 | 4:24 PM | C001 | C001 PARTY ADDED: SCOTT JAMES ANDREW (AV02) | AJA |
| 11/13/2019 | 4:24 PM | C001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 11/13/2019 | 4:24 PM | C001 | C001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 11/13/2019 | 4:24 PM | C001 | LISTED AS ATTORNEY FOR C001: LYONS CHAMP III(AV02) | AJA |
| 11/13/2019 | 4:24 PM | D001 | D001 PARTY ADDED: REMINGTON ARMS COMPANY LLC(AV02) | AJA |
| 11/13/2019 | 4:24 PM | D001 | CERTIFIED MAI ISSUED: 11/13/2019 TO D001 (AV02) | AJA |
| 11/13/2019 | 4:24 PM | D001 | D001 E-ORDER FLAG SET TO "Y" (AV02) | AJA |
| 11/13/2019 | 4:24 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE (AV02) | AJA |
| 11/13/2019 | 4:24 PM | D001 | INDIGENT FLAG SET TO: N (AV02) | AJA |
| 11/13/2019 | 4:25 PM | ECOMP | COMPLAINT E-FILED. | LYO007 |

## Images

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 11/13/2019 4:25:29 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/13/2019 4:25:29 PM | 2 | COMPLAINT | | 8 |

| 11/13/2019 4:26:41 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 11/13/2019 4:26:41 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 1 |

 *END OF THE REPORT*